IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT LAKES DREDGE AND DOCK,<br><br>    Plaintiff,<br><br>  v.<br><br>TODD CAMPBELL,<br><br>    Defendant.<br>_____/ | No. C07-01694 MJJ<br><br>**ORDER STAYING CASE AND DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

Before the Court is Defendant Todd Campbell's Motion To Dismiss The Complaint For Lack Of Subject Matter Jurisdiction. (Docket No. 7.) The Court has reviewed the parties' regular briefs[1] as well as the parties' supplemental letter briefs regarding the application of the *Colorado River* doctrine. For the following reasons, the Court finds that, under *Colorado River* principles, a stay of this action is appropriate. The Court therefore **STAYS** this action pending resolution of all proceedings in, and appeals from, Case No. RG05223449 in Alameda County Superior Court. In all other respects, the Court **DENIES** the Motion.

## FACTUAL BACKGROUND

This case arises out of the April 2005 capsizing of the tugboat *Sunshine State*, in which

---

[1] Plaintiff Great Lakes Dredge & Dock Company's opposition to the Motion was filed six calendar days (four court days) late, after this Court issued an Order to Show Cause as to why a tardy opposition should be accepted. The Court has reviewed Plaintiff's counsel's declaration explaining the delay. Given this explanation, and because of the lack of prejudice to Defendant, the Court will accept and consider Plaintiff's opposition in resolving the Motion.

1  Defendant Todd Campbell ("Campbell")'s brother, Kevin Campbell ("Decedent"), the operator of
2  the vessel, perished.

3  In July 2005, Campbell, on behalf of Decendent's son, filed a Jones Act claim against Great
4  Lakes Dredge & Dock Company ("Great Lakes") in Alameda County Superior Court for wrongful
5  death, Case No. RG05223449.  In September 2005, Great Lakes filed a cross-complaint in that state
6  court action against Campbell for the property damage that was done to the *Sunshine State*.
7  Campbell demurred to the cross-complaint.

8  On January 24, 2006, the Alameda County Superior Court sustained Campbell's demurrer
9  without leave to amend, and dismissed Great Lake's cross-complaint, on the ground that cross-
10 complaints by an employer for property damage are prohibited by 45 U.S.C. § 55 and 60, given the
11 negative effect that permitting an employer to cross-complain against employees would have upon
12 the policy under the Jones Act and the Federal Employers' Liability Act of compensating seamen for
13 injuries negligently inflicted by their employers.

14 On March 22, 2007, Campbell voluntarily dismissed his Jones Act claim against Great Lakes
15 in Case No. RG05223449.  That same day, Great Lakes filed the federal complaint in this matter,
16 alleging essentially the same cause of action for property damage as had been pleaded in its state
17 court cross-complaint and that had been dismissed without leave to amend by the Superior Court.

18 On March 28, 2007, Campbell refiled his state court action in the Alameda County Superior
19 Court, reasserting a Jones Act claim for wrongful death, in Case No. RG07317955   On April 16,
20 2007, Campbell served Great lakes with the new state court complaint.  On June 29, 2007, Great
21 Lakes served Campbell with the federal complaint in this matter.

22 In June 2007, Great Lakes filed an state court appeal in connection with Case No.
23 RG05223449, challenging the January 24, 2006 order sustaining Campbell's demurrer to the cross-
24 complaint.  Great Lakes continues to pursue this appeal in state court.

25 Campbell now moves to have this action dismissed.

## LEGAL STANDARD

27 Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter
28 jurisdiction.  Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of

2

jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**ANALYSIS**

This case presents the unusual circumstance in which the Court disagrees with, and must decline to apply, a jurisdictional principle that both sides in this dispute originally embraced and advanced in their briefs. Great Lakes originally asserted in its Motion that a jurisdictional principle called "priority" rigidly dictates that this Court may not assert subject matter jurisdiction over Plaintiff's claim for property damage because a state court asserted jurisdiction over the same claim first.[2] In opposition, Campbell did not quarrel with the existence of this so-called "priority" principle, but instead argued that, under the specific facts of this case, this Court has "priority" and must retain jurisdiction.

This Court rejects the underlying premise that a "priority" principle dictates whether this

---

[2] Campbell expressly abandoned this position at oral argument, and instead contended that *Colorado River* abstention requires dismissal of this action

3

1 Court can or cannot exercise jurisdiction here.  Instead, as both parties essentially conceded at oral
2 argument, *Colorado River* abstention principles govern the question presented here: whether the
3 Court should dismiss or stay the present action because of the pendency of concurrent state court
4 proceedings.   The Court finds a stay, though not dismissal, is appropriate under the *Colorado River*
5 doctrine.

**A.      Campbell Has Abandoned Reliance On A "Priority" Principle Derived From *Wilson*.**

Campbell has wisely abandoned his reliance on a "priority" principle gleaned from footnoted dicta in a *Wilson v. Schnettler*, 365 U.S. 381 (1961), which reads:

> When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches hold it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases.

*Id. at* 384 n.3 (quoting *Harkrader v. Wadley*, 172 U.S. 148, 164 (1898)).

This footnote does not accurately describe modern jurisdictional and abstention principles. *See, e.g.*, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15 (1983) ("*Cone*") ("the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction").  Rather, *Wilson* – a case involving a request for an injunction restraining an impending state criminal trial – is an early predecessor to seminal Supreme Court decisions that established modern abstention doctrines, including the *Younger* and *Colorado River* doctrines.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  The *Younger* abstention doctrine – which at its core concerns federal court interference with pending state criminal proceedings – is the doctrine under which the facts of *Wilson* would surely be analyzed today.  The *Colorado River* doctrine, which concerns duplicative or parallel state court proceedings, is the doctrine governing this Court's analysis here.

**B.      Under *Colorado River*, Deference To Concurrent State Court Proceedings Requires Exceptional Circumstances, Taking Into Account Several Factors.**

The federal district courts ordinarily must apply the test outlined in *Colorado River* when determining whether to dismiss or stay federal proceedings in favor of concurrent state court

4

proceedings concerning the same subject matter. *See 40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992). The doctrine is based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Cone*, 460 U.S. at 16. However, because of the "virtually unflagging obligation" of the federal courts to exercise the jurisdiction given them, in general "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* Under exceptional circumstances, however, the circumstances can permit deference:

> In *Colorado River*, the Court articulated four factors for determining whether sufficiently exceptional circumstances exist to warrant abstention: (1) whether either the state or federal court has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. In *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, the Court added two more considerations: (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties.

*40235 Washington Street*, 976 F.2d at 588 (citations omitted). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). "The Supreme Court has stressed, however, that the *Colorado River* exception . . . is a narrow one." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one. 'Only the clearest of justifications will warrant dismissal.'" *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990) (quoting *Colorado River*, 424 U.S. at 819).

**C.     Deference To The State Court Proceedings Is Warranted Under *Colorado River* Here.**

As an initial matter, the Court rejects Campbell's contention that the re-filed state court action, Case. No. RG07317955, warrants dismissal of this federal action. For *Colorado River* abstention to apply, the non-federal litigation must be likely to dispose of all claims raised in the federal court action. *See Smith v. Central Ariz. Water Conservation*, 418 F.3d 1028, 1033-34 (9th Cir. 2005) ("the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a *Colorado River* stay") (citation omitted). Great Lakes has

5

1  not asserted its property damage cause of action in Case No. RG07317955 at all. Instead, it has
2  merely asserted affirmative defenses to the re-filed Jones Act claim. (Hillsman Decl., Exh. 12.)
3  There is therefore no basis to reasonably anticipate that Case. No. RG07317955 would be likely to
4  completely and promptly resolve the property damage claim.[3]

5  However, the initial state court action, Case No. RG05223449, from which Great Lake's
6  appeal is still pending, deserves closer scrutiny. In that action, Great Lakes asserted a now-
7  dismissed property damage cross-claim that both sides concede is identical in substance to the
8  property damage claim it asserts in this action. The Superior Court dismissed that cross-claim
9  without leave to amend, and Great Lakes now pursues an appeal in state court seeking to resurrect
10 the cross-claim.
11 Accordingly, Case No. RG05223449 and its related appeal appear to this Court to be parallel state
12 court litigation that constitutes "an adequate vehicle for the complete and prompt resolution of the
13 issues between the parties." *Cone*, 460 U.S. at 28 (emphasis added). The Court therefore turns to
14 the *Colorado River* abstention factors to determine whether deferral to the state court is appropriate
15 based on the proceedings in Case No. RG05223449.

16 Several factors strongly support deferring to the state court under *Colorado River*. First,
17 Great Lakes' pursuit of its property claim in this Court, even as it simultaneously pursues an appeal
18 of the same claim in state court, raises the specter of piecemeal litigation. Simultaneous pursuant by
19 Great Lakes of an identical claim in both state and federal forums wastes judicial and litigant
20 resources and creates the risk of inconsistent rulings.[4]

21 Second, abstention is supported by the fact that the state court system has made significantly
22 more progress than has this Court in resolving Great Lake's property damage claim. With respect
23 to this factor, "priority should not be measured exclusively by which complaint was filed first, but

---

[3] This renders immaterial the hotly-disputed question, featured prominently in the parties' papers, as to whether jurisdiction first attached in Case. No. RG07317955 or in this action.

[4] The Court is cognizant that the litigation between the parties was to some extent already piecemeal before the litigants ever entered this Court. Given Campbell's voluntary dismissal and refiling of his Jones Act claim, while Great Lakes pursued an appeal of the dismissal of its cross-claim, the dispute between the parties had already fractured into two separate state court actions. But permitting this federal lawsuit to proceed would increase to three the number of simultaneous proceedings between the parties.

6

rather in terms of how much progress has been made in the two actions." *Cone*, 460 U.S. at 21. The state court has already dismissed Great Lake's cross-claim, and the issue is on appeal. In contrast, in this forum, threshold jurisdictional issues have yet to be resolved, no answer has been filed, and the case is still in its earliest stages.

A third related consideration, deemed relevant by the Ninth Circuit, also favors abstention. "In the *Colorado River* context, this Circuit has held that forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Travelers Indem.*, 914 F.2d at 1371; *see also Nakash*, 882 F.2d at 1417. Here, Defendants are clearly engaged in forum-shopping, having re-filed the property damage claim in federal court after suffering an adverse ruling in state court. Discouraging such forum-shopping provides an additional rationale for abstention under Ninth Circuit precedent. Similarly, the Supreme Court itself has observed that "vexatious or reactive" litigation can weigh in favor of abstention. *See Cone*, 460 U.S. at 17 n. 20. Here, Great Lakes' decision to file this federal action during the narrow window before Campbell re-filed his Jones Act claim was clearly "reactive" and tactical in nature. Great Lakes does not dispute that it was aware at the time it filed the federal suit that Campbell intended to re-file his Jones Act claim shortly in state court.

Only one factor counsels against abstention. Federal law provided the basis upon which the state court sustained Campbell's demurrer to Great Lake's cross-claim[5], and Campbell would presumably raise the same federal law challenge to the property damage claim were it heard in this Court. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender." *Cone*, 460 U.S. at 26. However, this factor is of lesser significance here for two reasons. First, federal law does not provide the rule of decision "on the merits", as Great Lake's negligence claim for property damage sounds in state law. Second, federal and state courts have concurrent jurisdiction over employee claims under the Jones Act, and therefore have overlapping jurisdiction to determine when an employer's claims should be barred by the Federal Employers'

---

[5] In particular, the state court dismissed the cross-claims after finding the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., bars a counterclaim by an employee against an employee in a Jones Act case. (Hillsman Decl., Exh. 4.)

7

Liability Act. *See Cone*, 460 U.S. at 25.[6]

On balance, this Court finds that these factors strongly counsel this Court to stay its hand and to defer to the state court. The piecemeal, reactive and forum-shopping nature of Great Lakes' federal lawsuit, as well as the sharp contrast in the relative progress made by the state court and this Court in resolving Great Lakes' property damage claim, outweigh the fact that ancillary federal law issues are raised by Great Lakes' attempt to assert a state law claim in this specific context.

### D.  A Stay, Rather Than Dismissal, Is Appropriate.

In general, the distinction between a dismissal and a stay in the *Colorado River* context is of little practical significance "because the state court's decision will bind the parties under principles of res judicata." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). However, a stay is nonetheless preferable in many cases. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, insofar as it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id.* at 288 n.2. Because this Court has not had opportunity to assess the scope of res judicata that would result from the state court litigation, the Court finds that the prudent course is to stay, rather than dismiss, the present action.

### CONCLUSION

For the foregoing reasons, the Court **STAYS** this action pending resolution of all proceedings in, and appeals from, Case No. RG05223449 in Alameda County Superior Court. In all other respects, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: October 12, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[6] The three remaining factors are neutral. Neither the state nor federal court has exercised jurisdiction over a res here. The parties have not articulated any inconvenience, and the Court perceives none, in litigating Great Lake's property damage claim in one forum over the other. Nor is the Court aware of any reason that the state court would be unable to adequately protect the rights of the parties.